966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellant,
v.
Robert Keith NEELY, Defendant-Appellee.
 No. 91-5031.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992
Decided: June 8, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Jackson L. Kiser, District Judge. (CR-90-41-R)
 Argued: Thomas Ernest Booth, United States Department of Justice, Washington, D.C., for Appellant.
 Thomas Marvin Blaylock, Roanoke, Virginia, for Appellee.
 On Brief: E. Montgomery Tucker, United States Attorney, Karen B. Peters, Assistant United States Attorney, Roanoke, Virginia, for Appellant.
 Max Jenkins, Radford, Virginia, for Appellee.
 W.D.Va.
 REVERSED AND REMANDED.
 Before WILKINSON, Circuit Judge, CHAPMAN, Senior Circuit Judge, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The United States appeals the district court's dismissal of the indictment against Robert Keith Neely. The indictment was returned by a federal grand jury sitting in the Western District of Virginia. It contained three counts charging Neely with conspiracy to defraud the United States by interfering with grand jury secrecy in violation of 18 U.S.C. § 371, obstruction of justice in violation of 18 U.S.C. § 1503, and criminal contempt in violation of 18 U.S.C.s 401(3).
 
 
 2
 On April 3, 1990, the district court dismissed the indictment on the grounds of prosecutorial misconduct in failing "to present to the grand jury the evidence of Shirley Bassett," and found that "a grand jury, properly instructed as to the legal significance of these statements, could not, as a matter of law, return a true bill."
 
 
 3
 The district court erred in dismissing the indictment. In Costello v. United States, 350 U.S. 359 (1956), the court held that a defendant may not challenge an indictment on the ground that it is not supported by adequate or competent evidence, which was one of the grounds used by the district court in dismissing the Neely indictment. The other ground was identified as prosecutorial misconduct in failing to present the evidence of Shirley Bassett, which would have been exculpatory. This is an inadequate ground under the very recent decision of United States v. Williams, 60 U.S.L.W. 4348 (1992), which held that a district court may not dismiss an otherwise valid indictment because the government failed to disclose to the grand jury substantial exculpatory evidence in its possession. There has been no showing that the Neely indictment was otherwise invalid, and therefore the order of dismissal must be reversed and the indictment reinstated.
 
 
 4
 REVERSED AND REMANDED FOR REINSTATEMENT OF INDICTMENT